UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAY FITZGERALD, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-1182 |
| BRIAN WILLOTT, KEVIN ROSENBOHM, and ) AVB PARTNERS, LLC., ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendants AVB Partners, LLC, and Kevin Rosenbohm. For the reasons set forth below, the Motion to Dismiss [#25] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Illinois. Defendant Brian Willott is an United States citizen residing in Brazil. Defendant Kevin Rosenbohm is a resident of Missouri, while AVB Partners is a Delaware limited liability company with a principal place of business in Missouri.

### BACKGROUND

Plaintiff, Jay Fitzgerald ("Fitzgerald"), is a resident of Bloomington, Illinois, who leases approximately 2,000 acres of farm land located in Bahia, Brazil (the "Brazil

Property").[1]  It is the management and farming of this land that is the subject of this litigation.

In October 2007, Fitzgerald entered into two oral contracts with Defendant Brian Willott ("Willott") to pay Willott for services in connection with the management and custom farming of the Brazil Property.  Willott was acting as an agent or representative of Defendants AVB Partners, LLC ("AVB") and Kevin Rosenbohm ("Rosenbohm"), who is AVB's principal and registered agent, in entering into these contracts.  The custom farming contract contemplated planting and harvesting edible beans and soybeans during the 2007-2008 Brazilian growing season, which runs from October through May of each year.  Willott worked at the Brazil Property from November 2007 through June 2008, at which time the management contract was terminated by mutual agreement.

Fitzgerald provided Willott with two powers of attorney (the "POAs") to facilitate the management and custom farming operations of the Brazil Property.   The POAs authorized Willott to access Fitzgerald's bank accounts in Brazil, purchase and/or contract for crop inputs, store chemicals and market grains produced from the farming operations.  The POAs can be revoked only by reference to their registration numbers as maintained by the Registrar in Bahia, Brazil.  Fitzgerald does not have access to these numbers and is therefore unable to accomplish a revocation of the POAs. Defendants have refused Fitzgerald's demand to provide him with these registration numbers.

---

[1] For purposes of resolving this Motion, the allegations in the First Amended Complaint are presumed to be true.

In January 2008, Rosenbohm instructed Fitzgerald to make any farm management fee payments attributed to Willott payable through AVB in care or Rosenbohm. On February 9, 2008, Rosenbohm sent an email to Fitzgerald alluding to AVB having between $35,000 and $40,000 of its own cash invested in the operations of the Brazil Property and requesting a management fee of 10,000 Reals per month for their services, as well as reimbursement for cash expenses paid on Fitzgerald's behalf and fuel. On February 15, 2008, Rosenbohm sent another email requesting that Fitzgerald pay $35,000 to AVB and "to pay [Willott] his 7 month back pay." Fitzgerald agreed to pay $30,000 in management fees and wired that amount to AVB in care of Rosenbohm that same day. Defendants have not responded to Fitzgerald's request for a tax identification number for AVB or any other individual that benefitted from this payment. To date, Fitzgerald has paid more than $260,000 to Willott, Rosenbohm, and AVB in connection with the management of the Brazil Property.

Fitzgerald commenced this litigation in the Circuit Court for McLean County, Illinois, and it was subsequently removed to this Court on May 21, 2009. On August 6, 2009, Fitzgerald filed an Amended Complaint asserting that Defendants have breached fiduciary duties owed to him via the POAs and seeking an accounting for all financial and accounting functions relative to the management and custom farming of the Brazil Property. AVB and Rosenbohm have now moved to dismiss the Amended Complaint for failure to state a claim. The motion is fully briefed, and this Order follows.

## LEGAL STANDARD

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her

claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## DISCUSSION

AVB and Rosenbohm request that the Amended Complaint be dismissed for failure to plead the existence of any mutual accounts of a complex nature as is required to obtain an accounting. In support of this assertion, they cite Newton v. Aitken, 260 Ill.App.3d 717, 633 N.E.2d 213, 218 (2nd Dist. 1994), for the proposition that to obtain an accounting, "a plaintiff must establish the existence of a fiduciary relationship between her and the person required to account, a need for discovery, and the existence of mutual accounts which are of a complex nature."

With all due respect, to the extent that Newton is relevant to these proceedings, it sets a standard for what must be proven in order to obtain the relief of an accounting; it

does not establish minimum standards of pleading in federal court. Defendants are demanding a level of specificity that is not required in federal notice pleading. Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); Conley, 355 U.S. 41 (1957). A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998).

The Amended Complaint asserts that Willott owed a fiduciary duty to Fitzgerald by virtue of the POAs, which among other things gave Willott access to Fitzgerald's bank accounts in Brazil, and generally. It further alleges that Willott was acting as an agent or representative of AVB and Rosenbohm, thereby resulting in a duty owed to Fitzgerald by AVB and Rosenbohm, as well. Fitzgerald has alleged some facts in support of these contentions in claiming various breaches of the fiduciary duties owed to him. He has further indicated that discovery is necessary, as the majority of the relevant information is within Defendants' control.

This is sufficient to raise Fitzgerald's right to relief beyond a speculative level, as it is possible that he could prove a set of facts consistent with the Amended Complaint establishing that Defendants have breached a fiduciary duty owed to him and establishing both the need for and his entitlement to an accounting. Accordingly, the Court must

conclude that dismissal of the Amended Complaint would be premature at this stage of the litigation.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#25] is DENIED. This matter is REFERRED to the Magistrate Judge for further proceedings.

ENTERED this 13th day of November, 2009.

                                           s/ Michael M. Mihm
                                           Michael M. Mihm
                                           United States District Judge