UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAY FITZGERALD,<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN WILLOTT, KEVIN ROSENBOHM, and AVB PARTNERS, LLC.,<br><br>      Defendants. | Case No. 09-1182 |

## **O R D E R**

This matter is now before the Court on a Joint Motion to Dismiss for Forum Non Conveniens by Defendants AVB Partners, LLC, and Kevin Rosenbohm. For the reasons set forth below, the Motion to Dismiss [#30] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Illinois. Defendant Brian Willott is an United States citizen residing in Brazil. Defendant Kevin Rosenbohm is a resident of Missouri, while AVB Partners is a Delaware limited liability company with its principal place of business in Missouri.

### BACKGROUND

Plaintiff, Jay Fitzgerald ("Fitzgerald"), is a resident of Bloomington, Illinois, who leases approximately 2,000 acres of farm land located in Bahia, Brazil (the "Brazil

Property").[1]  It is the management and farming of this land that is the subject of this litigation.

In October 2007, Fitzgerald entered into two oral contracts with Defendant Brian Willott ("Willott") to pay Willott for services in connection with the management and custom farming of the Brazil Property.  Willott was acting as an agent or representative of Defendants AVB Partners, LLC ("AVB") and Kevin Rosenbohm ("Rosenbohm"), who is AVB's principal and registered agent, in entering into these contracts.  The custom farming contract contemplated planting and harvesting edible beans and soybeans during the 2007-2008 Brazilian growing season, which runs from October through May of each year.  Willott worked at the Brazil Property from November 2007 through June 2008, at which time the management contract was terminated by mutual agreement.

Fitzgerald provided Willott with two powers of attorney (the "POAs") to facilitate the management and custom farming operations of the Brazil Property.   The POAs authorized Willott to access Fitzgerald's bank accounts in Brazil, purchase and/or contract for crop inputs, store chemicals and market grains produced from the farming operations.  The POAs can be revoked only by reference to their registration numbers as maintained by the Registrar in Bahia, Brazil.  Fitzgerald does not have access to these numbers and is therefore unable to accomplish a revocation of the POAs.  Defendants have refused Fitzgerald's demand to provide him with these registration numbers.

---

[1] For purposes of resolving this Motion, the allegations in the First Amended Complaint are presumed to be true.

In January 2008, Rosenbohm instructed Fitzgerald to make any farm management fee payments attributed to Willott payable through AVB in care or Rosenbohm. On February 9, 2008, Rosenbohm sent an email to Fitzgerald alluding to AVB having between $35,000 and $40,000 of its own cash invested in the operations of the Brazil Property and requesting a management fee of 10,000 Reals per month for their services, as well as reimbursement for cash expenses paid on Fitzgerald's behalf and fuel. On February 15, 2008, Rosenbohm sent another email requesting that Fitzgerald pay $35,000 to AVB and "to pay [Willott] his 7 month back pay." Fitzgerald agreed to pay $30,000 in management fees and wired that amount to AVB in care of Rosenbohm that same day. Defendants have not responded to Fitzgerald's request for a tax identification number for AVB or any other individual that benefitted from this payment. To date, Fitzgerald has paid more than $260,000 to Willott, Rosenbohm, and AVB in connection with the management of the Brazil Property.

Fitzgerald commenced this litigation in the Circuit Court for McLean County, Illinois, and it was subsequently removed to this Court on May 21, 2009. On August 6, 2009, Fitzgerald filed an Amended Complaint asserting that Defendants have breached fiduciary duties owed to him via the POAs and seeking an accounting for all financial and accounting functions relative to the management and custom farming of the Brazil Property. Willott has not yet been served. AVB and Rosenbohm unsuccessfully moved to dismiss the Amended Complaint for failure to state a claim and have now moved to dismiss for forum non conveniens. The motion is fully briefed, and this Order follows.

**LEGAL STANDARD**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**DISCUSSION**

AVB and Rosenbohm request that the Amended Complaint be dismissed for forum non conveniens. In support of this Motion, these Defendants argue that the claim seeks an accounting related to agricultural property located in Brazil and managed by Defendant Willott, who resides in Brazil. Accordingly, these Defendants argue that Brazil offers a more suitable and convenient forum for this litigation.

The doctrine of forum non conveniens allows a case to be dismissed "if trial in the plaintiff's chosen forum would be oppressive and vexatious to the defendant, out of all proportion to the plaintiff's convenience, and if it is also true that an alternative foreign forum exists." In re Ford Motor Company, 344 F.3d 648, 651 (7th Cir. 2002), *citing* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981). In deciding whether to dismiss on these grounds, courts must consider, "whether an adequate alternative forum is available to hear the case, and whether various private and public interest factors clearly indicate that the suggested alternative forum is superior." In re Ford Motor Company, 344 F.3d at 652, *citing* Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 802-03 (7th Cir. 1997). There is generally a strong presumption in favor of a plaintiff's choice of forum. In re Ford Motor Company, 344 F.3d at 653.

Defendants argue summarily that Brazil offers an adequate alternative forum for this litigation. However, a key element of adequacy is that the defendants be amenable to service of process in both forums. Golf Oil v. Gilbert, 330 U.S. 501, 506-07 (1947). Plaintiff notes that these Defendants have not conceded personal jurisdiction in the Brazilian courts and do not appear to be amenable to service of process there as Rosenbohm is a U.S. citizen residing in Missouri, and AVB Partners is a limited liability company organized under the laws of Delaware with a principal place of business in Missouri. As the burden is on the moving party to persuade the Court that dismissal would be appropriate, and these Defendants have utterly failed to concede or otherwise indicate in any way how they would be amenable to service of process in a Brazilian forum, the Motion can be denied on this basis alone. In re Ford Motor Company, 344 F.3d at 652.

5

Even assuming that Brazil offered an adequate alternative forum for this litigation, consideration of the private and public interest factors does not clearly indicate that a Brazilian forum would be superior. Private factors to be considered include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; possibility of review of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. Public factors include: "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Id.

These Defendants argue that the only connection between Plaintiff and this forum is that Plaintiff resides here. None of the Defendants reside in Illinois. The farmland and relevant witnesses in connection with the activities that transpired there are located in Brazil. Defendants further argue that the contract in question was consummated in Brazil and that any breach of fiduciary duty would also have taken place in Brazil. Defendants also suggest that resolving the contract claims in this case may require the examination of Brazilian law and legal doctrines.

Plaintiff responds that contrary to Defendants' suggestion that Plaintiff lives in Brazil, he has never resided in Brazil, but rather has always resided in the United States. As such, Plaintiff has chosen to bring suit in his home forum, which is entitled to a strong presumption in favor of his choice of forum. Piper Aircraft, 454 U.S. 355-56, 266. While

6

the case will require the difficult task of procuring documents and witness testimony from Brazil, the primary issue to be resolved as it pertains to these Defendants is whether Defendant Willott was acting as an agent of AVB and Rosenbohm in his dealings with Plaintiff. Presumably, the majority of the necessary documents and testimony with respect to this issue are located in Missouri, where both AVB and Rosenbohm are located. Furthermore, it would appear that by agreement of the parties the terms of the contract were supplied by rates and customs established in the United States, calling into doubt the assertion that Brazilian law would apply in determining the rights and responsibilities of the parties under the contract.

Accordingly, given the issue in this case that exists between Plaintiff and these Defendants, Defendants have not met their burden of demonstrating that trial in Illinois would be oppressive or vexatious to them, out of proportion to Plaintiff's convenience. The Court therefore finds that dismissal for forum non conveniens would not be appropriate at this time. The Court does not, however, rule out the possibility that this matter may become ripe for reconsideration based on facts that become available during discovery or the entry of the case by Willott.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#30] is DENIED. Defendants AVB and Rosenbohm are directed to answer the Amended Complaint within

14 days from the date of this Order. This matter is REFERRED to the Magistrate Judge for further proceedings.

ENTERED this 18th day of February, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge